## ST. LOUIS UNIVERSITY MEDICAL CENTER, Plaintiff,

v.

## Otis R. BOWEN, M.D., Secretary of Health and Human Services, Defendant.

### No. 85-3014C(C).

United States District Court, E.D. Missouri.

July 2, 1986.

Don Whaley, Clayton, Mo., for plaintiff.

Joseph Moore, Asst. U.S. Atty., St. Louis, Mo., for defendant.

### MEMORANDUM

MEREDITH, District Judge.

This matter is before the Court upon plaintiff's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure and defendant's motion to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure. For the reasons set forth below, both motions will be denied.

The relevant facts are as follows. Plaintiff hospital seeks reimbursement for the part of its medical malpractice insurance attributable to Medicare patients for cost years 1980 and 1981. *See* 42 U.S.C. § 1395 *et seq.* (1982). Prior to the decision in *Menorah Medical Center v. Heckler,* 768 F.2d 292 (8th Cir.1985), health care providers were reimbursed for medical malpractice insurance costs attributable to Medicare patients according to the Malpractice Rule, 42 C.F.R. § 405.452(b)(1)(ii) (1982). In *Menorah,* the Eighth Circuit Court of Appeals invalidated the Malpractice Rule and ruled that "prior regulations remain valid until replaced by a valid regulation or invalidated by a court." *Menorah Medical Center,* 768 F.2d at 297. On April 1, 1986, the Secretary of Health and Human Services promulgated a new regulation to govern reimbursement for malpractice insurance costs. See 51 Fed.Reg. 11142 (April 1, 1986) (to be codified at 42 C.F.R. Part 405) (interim final rule). The regulations are effective May 1, 1986, but apply to report-ing periods beginning on or after July 1, 1979. Plaintiff claims that it must be reimbursed according to the regulations in effect prior to the Malpractice Rule. Defendant contends that the new regulations apply.

It is clear from *Menorah,* that the pre-Malpractice Rule regulations were to control until a new regulation was promulgated. Under these facts, the new regulations, 51 Fed.Reg. 11142 (April 1, 1986) (to be codified at 42 C.F.R. Part 405) (interim final rule), apply to the reimbursement in this case. Consequently, this case will be remanded to the Secretary for further proceedings and plaintiff is free to pursue its administrative and judicial appeal options on any final decisions concerning the application of the new regulations. *See Richardson v. Wright,* 405 U.S. 208, 92 S.Ct. 788, 31 L.Ed.2d 151 (1972), *reh'g denied,* 405 U.S. 1033, 92 S.Ct. 1296, 31 L.Ed.2d 490 (1972) and *Relf v. Weinberger,* 565 F.2d 722, 727 (D.C.Cir.1977).